UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ambakisye Holmes, | Case No. 20-CV-1313 (SRN/DTS) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| City of St. Paul, Minnesota and the State of Minnesota, | |
| Defendants. | |

Plaintiff Ambakisye Holmes alleges that the defendants have harmed him by initiating and maintaining a criminal prosecution in 2016 that he alleges ultimately ended with an acquittal at trial. Holmes did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review of the IFP application, the Court finds that Holmes qualifies financially, but that is not the end of the inquiry. Section 1915(e)(2)(B)(ii) requires this Court to screen each IFP pleading for frivolity or failure to state a cause of action upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states

a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context."). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

In his pro se complaint, Mr. Holmes alleges that in 2016 he was wrongfully arrested on a report of domestic assault, and that despite the reporting party disavowing his association with the allegations, the City of St. Paul maintained a prosecution against him that dragged on for more than two years. Complaint at ¶¶ 7-14. He alleges that he was forced to take the case to trial, where he was acquitted, because of the mishandling of the case and the failure to disclose *Brady* material in the time leading up to trial. *Id.* at ¶¶ 9-11. As a result of the prosecution, Holmes claims he is entitled to relief under 42 U.S.C. § 1983, as well as under common law theories of false arrest and imprisonment, fraud, and negligence. *Id.* at ¶¶ 17-34.

Mr. Holmes' complaint fails to state a claim for multiple reasons. First, he named the State of Minnesota as a defendant, but the state itself is not subject to suits via § 1983.

The Eleventh Amendment bars claims for damages by private parties against a state. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995). Minnesota has not waived sovereign immunity, so the § 1983 claim against the state necessarily fails.

Second, Mr. Holmes names the City of St. Paul, but a local government entity, such as the city can only be subject to § 1983 liability under a very narrow theory of relief. To succeed on § 1983 claims against a local government entity, a plaintiff must allege facts that demonstrate that the government entity had a policy or custom that led to the violation of his Constitutional rights. *Monell v. Dep't of Social Serv. of City of New York*, 436 U.S. 658, 694 (1978); *see also Davison v. City of Minneapolis*, *Minn.*, 490 F.3d 648, 659 (8th Cir. 2007) (finding that a city "may be held liable under section 1983 . . . if one of its customs or policies caused the violation of the plaintiff's constitutional rights") (*citing Monell*). Plaintiffs who seek to impose liability on local governments "must prove that action pursuant to official municipal policy caused their injury. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011) (citations and quotations omitted). An allegation that there is a violative policy or custom, without any description of the policy or custom does not sufficiently plead a claim against a county. *See, e.g., Calgaro v. St. Louis County,* 919 F.3d 1054, 1058 (8th Cir. 2019) (affirming district court's grant of summary judgment in favor of a county where plaintiff alleged that there was a violative policy or custom and a single wrong action by a county, but did not specify what the policy or custom was). Mr. Holmes provided no explanation of an overarching policy or custom

3

that led to his prosecution, so he has not stated a viable claim against the city under § 1983.

Third, because there is no viable § 1983 claim as pled, the Court shall not exercise supplemental jurisdiction over the remaining claims brought by common law—such as those for fraud or negligence. A court should decline to exercise supplemental jurisdiction over a state law claim when all claims over which the court has original jurisdiction are dismissed. *See Clark v. Roy*, No. 13-cv-2849 (MJD/HB), 2015 WL 1179380, at *3 (D. Minn. Mar. 13, 2015); *see also* 28 U.S.C. § 1367(c)(3). Here, assuming the potential federal claims are dismissed, this Court will recommend declining supplemental jurisdiction over the remaining claims.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED:

1. The case be hereby DISMISSED without prejudice for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

2. The application to proceed *in forma pauperis* [ECF No. 2] be DENIED as moot.

Dated: June 17, 2020                  s/David T. Schultz
                                                  David T. Schultz
                                                  United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).