UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ambakisye Holmes,<br><br>　　　　Plaintiff,<br><br>v.<br><br>City of St. Paul, Minnesota and the State of Minnesota,<br><br>　　　　Defendants. | Case No. 20-cv-1313 (SRN/DTS)<br><br><br>**ORDER ON OBJECTION TO REPORT AND RECOMMENDATION** |

Ambakisye Holmes, 8500 63rd Avenue N., Brooklyn Park, MN 55428, Pro Se Plaintiff.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Ambakisye Holmes's Objection ("Objection" [Doc. No. 6]) to the June 17, 2020 Report and Recommendation ("R&R" [Doc. No. 4]) issued by Magistrate Judge David T. Schultz. In the R&R, Magistrate Judge Schultz recommended that all claims brought pursuant to 42 U.S.C. § 1983 by Holmes be dismissed without prejudice, and further recommended that the Court decline to exercise supplemental jurisdiction over the remaining claims. For the foregoing reasons, the Court overrules Holmes's Objection and affirms and adopts the R&R as set forth below.

### I.　　BACKGROUND

#### A.　　Holmes's Prosecution and § 1983 Complaint

Following his arrest in 2016, Holmes alleges that he was wrongfully prosecuted in Minnesota state court for domestic assault. (*See* Complaint [Doc No. 1] ¶¶ 7–16.) On June

1

4, 2020, Holmes filed a Complaint with this Court, alleging violations of his civil rights under 42 U.S.C. § 1983, as well as common-law claims of false imprisonment, fraud, and negligence, all of which stem from his prosecution. (*Id.* ¶¶ 1–34.) Holmes names the city of St. Paul, Minnesota, and the State of Minnesota as Defendants. (*Id.* at p. 1.)

Essentially, Holmes contends that the state lacked a basis for his initial arrest, and that despite a dearth of evidence supporting the domestic assault charge, he was wrongly subjected to more than two years of legal difficulties, culminating in his acquittal at trial. (*See id.* ¶¶ 7–16). Holmes argues that Defendants violated his constitutional rights "when they chose to continue aggressively prosecuting [him] and pressuring [him] to plead guilty despite having evidence indicating [his] innocence." (*Id.* ¶ 18.) Holmes seeks compensatory damages pursuant to § 1983 for his "wrongful incarceration . . . for a much longer time [than] was necessary." (*Id.* ¶¶ 19–20.) He also seeks damages for his false arrest and imprisonment claims on largely the same basis. (*Id.* ¶¶21–23.) As to his fraud claim, Holmes alleges that although the prosecution possessed exculpatory evidence, the prosecuting attorney nevertheless continued to prosecute him and pressure him to plead guilty. (*Id.* ¶¶ 24–27.). Holmes also contends that his fraud claim is sufficiently pleaded because his Complaint alleges that the prosecuting attorney knowingly omitted information while prosecuting his case. (*Id.* ¶ 28.). Finally, Holmes seeks damages for negligence, which he alleges occurred when he was injured in a car accident while he was being transported by police. (*Id.* ¶¶ 29–30.). He maintains that the state has not adequately compensated him for those injuries. (*Id.* ¶¶ 31–34.)

After filing his complaint, Holmes applied to proceed in this matter in forma pauperis ("IFP"). (*See* Doc. No. 2.)

### B. Magistrate Judge Schultz's Report and Recommendation and Holmes's Objection

On June 17, 2020, Magistrate Judge Schultz issued the R&R, noting that although Holmes is financially eligible for IFP status, the Court is required to screen IFP applications and decline to award IFP status for claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. (R&R at 1–2 (citing 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (2018)).) Magistrate Judge Schultz found that Plaintiff's § 1983 claim fails to meet those requirements. (*Id.* at 2–3.) First, Magistrate Judge Schultz noted that the Eleventh Amendment plainly bars Holmes from bringing a damages claim against the State of Minnesota. (*Id.* at 2–3.) Second, with respect to Holmes's claims against the City of St. Paul, Magistrate Judge Schultz noted that although damages suits against the City of St. Paul are not automatically barred by the Eleventh Amendment, Holmes failed to allege a City-based overarching policy or custom that led to his prosecution, which is required for such a claim. (*Id.* at 3–4.) Finally, because of Plaintiff's failure to adequately plead a § 1983 claim, Magistrate Judge Schultz recommended that the Court decline to exercise supplemental jurisdiction over the remaining state common-law claims. (*Id.* at 4.) Consequently, he recommended the dismissal of Plaintiff's Complaint without prejudice. (*Id.*)

On June 25, 2020, Holmes filed the instant Objection to Magistrate Judge Schultz's R&R. First, Holmes argues that pursuant to § 1983, he has a constitutional right "to file a

lawsuit for false arrest/imprisonment . . . against the officer / police department . . . which are owned/operated in this case by the respective cities / state entities sued in the instant matter." (Objection ¶ 2.) He further asserts that under § 1983, he is entitled to seek injunctive relief against the State of Minnesota. (*Id.* ¶ 4 (citing *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000)).)

Second, Holmes appears to mistake the R&R's recommendation to dismiss his lawsuit without prejudice for a recommendation to dismiss it with prejudice. (*See id.* ¶ 5 (asserting that Magistrate Judge Schultz recommended dismissal of his complaint "with prejudice").) Under the mistaken belief that he is thus barred from resubmitting his claim, Holmes argues that the R&R reflects the larger problem of racial injustice. (*See, e.g.*, *id.* at ¶ 11 (asserting that the "[t]he killing of George Floyd" and "the finding of the lower Magistrate Judge in this matter" are "the same type of injustice.").) Holmes does not address Magistrate Judge Schultz's recommendation to decline supplemental jurisdiction over the non-§1983 claims if the federal claims are dismissed.

## II.    DISCUSSION

The district court reviews de novo a magistrate judge's recommendations on a dispositive matter to which specific objections have been made. 28 U.S.C. § 636(b)(1)(C) (2018); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). In a suit brought by an IFP plaintiff, the Court will dismiss any claim upon which it determines relief cannot be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *see Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam) (discussing the statute's implementation). When determining whether to dismiss a claim, the Court assumes the facts in the complaint to be true and construes all reasonable

4

inferences from those facts in the light most favorable to the plaintiff. *Liscomb v. Boyce*, 954 F.3d 1151, 1153 (8th Cir. 2020). To survive dismissal, a "complaint must contain facts that, if 'accepted as true, . . . state a claim to relief that is plausible on its face.' " *Id.* at 1153–54 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court construes pro se complaints liberally, but the complaint nonetheless must allege sufficient facts to support its claims. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Here, three of Holmes's objections to Magistrate Judge Schultz's R&R require discussion: (1) Holmes's objection to Magistrate Judge Schultz's dismissal of his § 1983 claims against the State of Minnesota and the City of St. Paul; (2) Holmes's objection to the nature of Magistrate Judge Schultz's dismissal; and (3) Magistrate Judge Schultz's recommendation that the Court dismiss Holmes's state common-law claims. The Court considers each in turn.

### A. Section 1983 Claims

Absent a waiver of sovereign immunity, a state is typically immune from suit under the Eleventh Amendment. *Allen v. Cooper*, 140 S. Ct. 994, 1000–01 (2020); *see also Church v. Missouri*, 913 F.3d 736, 742 (8th Cir. 2019). The State of Minnesota has not waived immunity in this case, and so Holmes is barred from seeking damages against it. Moreover, to the extent Holmes's § 1983 claims seek injunctive relief (*see* Compl. ¶¶ 2–3), his claim is still barred. As the Eighth Circuit has noted, while "state officials may be

sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment, the same doctrine *does not extend* to states or state agencies." *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (citations omitted). Accordingly, Holmes's § 1983 claim against the State of Minnesota must be dismissed, and his objections to the magistrate judge's recommendation in this regard are overruled.[1]

Holmes's claims against the City of St. Paul must also be dismissed, but for a different reason. As Magistrate Judge Schultz noted, local government entities are subject to § 1983 liability under only a narrow theory of relief. For Holmes to sustain a claim against the City pursuant to § 1983, he must show that the City violated his rights through an "official policy, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In other words, it is not sufficient that Holmes alleges that his rights were violated by prosecutors; he must allege that the prosecutors acted as part of an unconstitutional scheme of the City of St. Paul. Holmes fails to allege such a practice. Accordingly, his § 1983 claims against the City of St. Paul also fail, and his objections to the R&R in this regard are overruled.

---

[1]  Holmes's reliance on *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000), for the proposition that a "state entity can be sued for injunctive relief" is misplaced. (Objection ¶ 4.) *Olech* dealt only with the question of whether the Equal Protection Clause gives rise to a cause of action on behalf of a "class of one" where the plaintiff did not allege membership in a class or group; it says nothing about injunctive relief. 528 U.S. at 564.

### B.     Nature of Dismissal

Holmes argues that Magistrate Judge Schultz recommended dismissal of his claims with prejudice, and that such a recommendation is "erroneous and prejudicial and . . . unfounded and certainly a viable grounds for appeal . . . ." (Objection ¶ 5.) This objection is factually incorrect, and is therefore overruled.  Magistrate Judge Schultz recommended dismissal *without* prejudice (*see* R&R at 4), and Holmes is not precluded from attempting to amend his Complaint.

### C.     Dismissal of Remaining State Law Claims

Holmes does not object to Magistrate Judge Schultz's recommendation that Holmes's state common-law claims for fraud and negligence be dismissed because of the absence of a viable § 1983 claim.  In any event, however, the Court agrees with Magistrate Judge Schultz that, in the absence of a viable claim pursuant to the federal statute, there is no basis to exercise supplemental jurisdiction over Holmes' remaining claims.  "A federal district court has discretionary power to decline the exercise of supplemental jurisdiction where the court has 'dismissed all claims over which it has original jurisdiction.' " *Wilson v. Miller*, 821 F.3d 963, 970 (8th Cir. 2016) (quoting 28 U.S.C. § 1367(c)(3) (2018)).  In considering whether to exercise supplemental jurisdiction, the Court considers factors such as "judicial economy, convenience, fairness, and comity [with state courts]. *Id.* at 970–71 (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).  Where all federal-law claims are eliminated prior to trial, "the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 971 (quoting *Johnson v. City of Shorewood*, 360

7

F.3d 810, 819 (8th Cir. 2004)). Here, all of Holmes's federal § 1983 claims have been dismissed. Accordingly, considerations of judicial economy, convenience, fairness, and comity do not militate in favor of exercising supplemental jurisdiction over Holmes's state common-law claims. Those claims are therefore also dismissed without prejudice.

### III.   CONCLUSION

Based on the submission and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Ambakisye Holmes's Objection [Doc. No. 6] to Magistrate Judge David T. Schultz's June 17, 2020 Report and Recommendation is **OVERRULED**;

2. The June 17, 2020 Report and Recommendation [Doc. No. 4] is **AFFIRMED** and **ADOPTED** as set forth above;

3. Plaintiff's Application to Proceed In Forma Pauperis [Doc. No. 2] is **DENIED AS MOOT**; and

4. Plaintiff's Complaint [Doc. No. 1] is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: August 28, 2020                          s/Susan Richard Nelson
                                                SUSAN RICHARD NELSON
                                                United States District Judge