UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ambakisye Holmes,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Rachel Kraker, David P. Pinto, Keith Ellison, Todd Axtell, Justin L. Paulson, Michael R. Dollerschell, Hectora Manuel Mena-Carrison, Matt Bostrom, Jack G. Serier, Kim Farley, Richard Ash, Patrick Justin, Mona Dohman, John Harrington, Alexndra Kotze, Drew Evants, and Brian Peters,<br><br>　　　　Defendants. | Case No. 20-CV-1313 (SRN/DTS)<br><br><br>**ORDER ON PLAINTIFF'S AMENDED COMPLAINT** |

Ambakisye Holmes, General Delivery, Minneapolis, MN 55440, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

　　This matter is before the Court on Plaintiff Ambakisye Holmes' pro se amended complaint. Holmes alleges that the defendants harmed him by initiating and maintaining a criminal prosecution in 2016 that ended with an acquittal at trial. Holmes' original complaint in this matter was dismissed for failure to state a claim because he had not named any defendant properly subject to suit under the theories of relief he identified.[1] [Doc. No. 7]. In his amended complaint, Holmes names 17 defendants in their individual capacities.

---

[1] In his original complaint, Holmes named the City of St. Paul and the State of Minnesota. Neither party is listed in the amended complaint as a defendant. [*See* Doc. No. 1].

1

[Doc. No. 11]. Although Holmes did not file a new application to proceed *in forma pauperis* ("IFP"), the Court will assume he still intends to proceed IFP. As with his original complaint, the Court reviewed the contents of the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires dismissal if a complaint fails to state a claim or is frivolous. Holmes has still failed to state a claim because he does not associate any of the named defendants with any individual actionable conduct.

An action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, the Court must accept as true all the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level…." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Pro se complaints are to be construed liberally, but they

2

still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Although pro se litigants are held to a lesser standard than lawyers, their pleadings must be sufficient to suggest a right to relief on the face of the complaint. To liberally construe a pro se plaintiff's complaint means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits a layperson's claim to be considered in the proper legal framework." *Stone*, 364 F.3d at 915. However, a district court is not required to assume facts not pled, even if doing so would make a stronger complaint. *Id.*

In Count 1 of his amended complaint, Holmes seeks relief under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  [Doc. No. 11 at ¶¶ 17-20]. Section 1983 allows civil litigants to bring constitutional claims against government employees acting under the guise of their authority. To state an actionable civil rights claim under § 1983 a complaint must allege a set of historical facts showing that the named defendants violated plaintiff's federal constitutional rights while acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). To establish a defendant's liability in a civil rights action, a plaintiff must plead facts showing each named defendant's personal involvement in the alleged constitutional wrongdoing. *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017); *Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims because plaintiff's complaint "failed to allege sufficient personal involvement by any of [the] defendants to support such a claim.")

Holmes has failed to state a claim in his Amended Complaint because he fails to plead any facts identifying any actions taken by any individual defendant that caused him harm. [Doc. No. 11 at ¶¶ 17-20]. Instead, he generically alleges that "[d]efendants infringed upon the constitutional rights of the Plaintiff when they chose to continue aggressively prosecuting them and pressuring them to plead guilty…." [*Id.* at ¶ 18]. He adds that in doing so, the defendants caused him to be wrongfully incarcerated for much longer than necessary. [*Id.* at ¶ 19]. Whatever the merits may be of such a theory for relief, Holmes cannot proceed with the claim as pled because he has not identified any individual actions of any of the named defendants. *White*, 865 F.3d at 1081. As pled, his complaint does not put the defendants on adequate notice of the claims against them. Thus, the Court will dismiss Count 1 without prejudice for failure to state a claim.

Counts 2, 3, and 4 of Holmes' Amended Complaint all allege common law torts—false arrest and imprisonment, fraud, and negligence/gross negligence. It would be an exercise of the Court's supplemental jurisdiction to consider the claims. *See* 28 U.S.C. § 1367. Section 1367(c)(3) specifically provides that district courts may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Here, the Court will decline to exercise its supplemental jurisdiction because the only claim over which it had original jurisdiction, the § 1983 claim, will be dismissed.

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Holmes' Amended Complaint [Doc. No. 11] is **DISMISSED** without prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

5

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 30, 2021                                                s/Susan Richard Nelson
                                                                                                         SUSAN RICHARD NELSON
                                                                                                          United States District Judge